IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANNIE NASHA MITCHELL,** : | |
|     **Plaintiffs,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 21-cv-3906** |
| : | |
| **KELLY EILEEN CONWAY**, *et al.*, : | |
|     **Defendants.** : | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Jannie Nasha Mitchell moves for leave to proceed with this civil rights action *in forma pauperis*. Because it appears that Mitchell is unable to afford to pay the filing fee, her motion shall be granted. Her Complaint is now subject to the screening requirements under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B) and shall be dismissed without prejudice for the reasons that follow. Mitchell will be granted leave to file an amended complaint.

### I.     FACTUAL ALLEGATIONS[1]

The factual allegations in Mitchell's Complaint are sparse. Mitchell does not set forth a chronological series of events, nor does she sufficiently allege the relevant "who, what, where, when, and how" that form the basis of her claims. As a result, it is not exactly clear what Mitchell alleges happened to her and the precise nature of any legal claims she may have. As best as this Court can discern, Mitchell brings this civil rights action based on the Family Court's apparent decision to remove her children from her care sometime between October 2020 and August 2021. Although Mitchell does not specifically state that her children were removed from her care or otherwise explain precisely what happened to her and her children, the fact that they

---

[1] The facts set forth in this Memorandum are taken from Mitchell's Complaint.

were removed from her care seems to be at the core of her claims since the sole relief she seeks in this action is that her "children [be] returned to [her] ASAP[.]"  Mitchell does not allege any information regarding the children such as their ages, how many children were removed, precisely when they were removed, or why.

Mitchell's only allegations are as follows:  She alleges that the events giving rise to her claims occurred in "Family Court", and names the Honorable Judge Cateria R. McCabe, a judge in the Family Division of the Court of Common Pleas of Philadelphia County, as a Defendant.  Mitchell also names Kelly Eileen Conway, Joshua Hage, and Stephania Brown as Defendants in this action, but does not provide their job titles or any other context to explain her relationship to these individuals.  Mitchell also fails to allege any conduct by these individuals that specifically relates to the removal of her children or the role these Defendants may have played in that process.  Instead, Mitchell makes brief, pointed allegations with respect to each individual Defendant, but fails to connect these allegations to the alleged removal.

For example, Mitchell alleges that Judge McCabe "den[ied] [her] legal representation and proceeded [with a] hearing" despite Mitchell's repeated requests for a lawyer.  Mitchell claims that this denial of counsel violated her Sixth Amendment rights.  With respect to Kelly Eileen Conway, Mitchell asserts that Conway "stated on several occasion[s]" that "Mitchell is unable to cope in society due to medical and mental disorder[s.]"[2]  She also claims that Conway denied her and her children "reli[gi]ous practice[s.]"  With respect to Joshua Hage, Mitchell alleges that Hage stated "I[']m not Muslim so there for [sic] your children have to practice what I feel meets there [sic] needs[.]"  Finally, Mitchell alleges that Stephania Brown was "threating [her] and

---

[2] Mitchell alleges that she was hospitalized on June 16, 2021 due to stroke-like symptoms.  It appears that it was after her hospitalization that Conway stated that Mitchell was "unable due to medical and mentally [sic] diagnosis[.]"

2

terminated [Mitchell's] visit because . . . Mitchell refused to sign paperwork without a lawyer present[.]"

## II.    STANDARD OF REVIEW

The Court will grant Mitchell leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Ke v. Pa. State Emps. Retirement Sys.*, 838 Fed. App'x 699, 702 (3d Cir. 2020), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations, however, will not suffice.  *Iqbal*, 556 U.S. at 678.

At this early stage of the litigation, courts "will accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (alterations in original) (internal citations and quotations omitted).  As Mitchell is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  Accordingly, relevant legal principles shall be applied even when the complaint has failed to name them, though the "pro se litigant[] still must allege sufficient facts in [her] complaint[] to support a claim. . . [a]nd, [] cannot flout procedural rules."  *Id.* at 185.

Separate and apart from 28 U.S.C. §1915(e)(2)(B)(ii), a complaint may also be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91-92 (3d Cir. 2019).  To conform to Rule 8, "a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief."  *Id.* at 92.  Determining whether a pleading meets Rule 8's "plain" statement requirement demands an inquiry as to "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."  *Id.* at 93.  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue."  *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits."  *Id.* at 94.

Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"  *Id.* at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).  Accordingly, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8" and will be dismissed.  *Id.* at 93.

### III.    DISCUSSION

The precise nature of the claims Mitchell seeks to bring is unclear, but based on her assertions that her "right[s] and Amendment[s] . . . [were] violate[d]"—including her rights under the Sixth Amendment— it is possible Mitchell seeks to bring claims for violations of her civil rights pursuant to 42 U.S.C. § 1983, the statutory vehicle by which federal constitutional claims may be heard in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that

the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

To the extent Mitchell seeks to bring § 1983 claims, her Complaint lacks sufficient factual allegations as required by Rule 8 to state a plausible claim for relief. While the Court must liberally construe her Complaint, the Court cannot speculate as to the relevant factual allegations to allow her claims to proceed. Here, Mitchell's Complaint leaves the Court with too many blanks to fill and too many assumptions to make to assess whether she has stated a claim. While she makes some general allegations against Defendant Judge McCabe[3] and Defendants Conway, Hage, and Brown[4], Mitchell fails to allege sufficient facts to explain what happened to her and the legal claims she seeks to bring as a result.[5]

---

[3] As a general matter, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam); *see also Prater v. City of Phila. Fam. Ct.*, 569 F. App'x 76, 79 (3d Cir. 2014) (finding that family court judges in the City of Philadelphia were entitled to immunity in a father's subsequent § 1983 action based on actions undertaken in their judicial capacity in proceedings for custody and termination of the father's parental rights).

[4] Mitchell does not allege the job titles of these Defendants or the role they played in the alleged removal of her children in her Complaint. However, child welfare workers and attorneys who prosecute dependency proceedings are entitled to absolute immunity from § 1983 claims. *See B.S. v. Somerset Cnty.*, 704 F.3d 250, 262-65 (3d Cir. 2013) (citing *Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 488-89 (3d Cir. 1997) (recognizing that "child welfare workers and attorneys who prosecute dependency proceedings on behalf of the state . . . absolute[ly] immun[e] from suit for all of their actions in preparing for and prosecuting such dependency proceedings." (alterations in original)).

[5] The sole relief that Mitchell seeks is the immediate return of her children to her care. However, the *Rooker-Feldman* doctrine instructs that "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments. . ." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on this principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (internal citations and quotations omitted). In the context of final judgments made by state courts regarding child custody and termination of parental rights, the *Rooker–Feldman* doctrine bars claims for relief that ask the court to "invalidate the state court's judgment." *Calipo v. Erie Cty. Off. Of Child. & Youth Servs.*, 786 Fed. App'x 329, 331 (3d Cir. 2019). At this nascent phase in the litigation, however, it is unclear if the *Rooker-Feldman* doctrine applies.

When presented with a *pro se* complaint, the Court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran Affs.*, 165 F.3d 244, 248 (3d Cir. 1999). However, in this case, it is impossible to determine the factual contours of the claims Mitchell seeks to bring with sufficient clarity to apply the relevant law. Mitchell's Complaint does not sufficiently describe what action (or inaction) any of these Defendants took that caused a violation of her Constitutional rights when her children were allegedly removed from her care and custody. Without specific facts regarding: (1) the nature of the conduct by Defendants with respect to removal of the children; (2) the processes or procedures that were or were not followed in advance of the removal; (3) the dates and times of any relevant court proceedings related to removal; and (4) the legal basis for the removal, including, but not limited to, any judicial findings regarding the care and custody of the children involved, Mitchell has not pled enough facts to proceed at this time.

Since the Complaint also does not comply with the requirements of Rule 8, it does not provide enough information to put any Defendant on sufficient notice to prepare a defense or adequately inform the Court of the issues that need to be determined in this matter. However, cognizant of Mitchell's *pro se* status, the Court recognizes that an opportunity to amend is necessary here to "flesh out" Mitchell's allegations by giving her an opportunity to explain "the 'who, what, where, when and why' of [her] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Accordingly, Mitchell will be permitted to amend her Complaint.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant Mitchell leave to proceed *in forma pauperis* and will dismiss her Complaint without prejudice.  Mitchell will be given leave to file an amended complaint in the event she can state a claim.

An appropriate Order follows.

**BY THE COURT:**


**/S/Wendy Beetlestone, J.**


_____
**WENDY BEETLESTONE, J.**