IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANNIE NASHA MITCHELL,** :<br>    Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 21-CV-3906** |
| : | |
| **KELLY EILEEN CONWAY,** *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

*Pro se* Plaintiff Jannie Nasha Mitchell was previously granted leave to proceed *in forma pauperis* in this matter pursuant to 28 U.S.C. § 1915(e)(2)(B). Her Complaint was screened under the requirements of the statute and dismissed without prejudice as it failed to state a claim. *See, e.g.*, *Mitchell v. Conway*, 2021 WL 5906247 (E.D Pa. Dec. 14, 2021). Mitchell was granted her leave to file an amended complaint, which she filed on January 14, 2022. For the following reasons, Mitchell's Amended Complaint will be dismissed without prejudice, and Mitchell will be granted leave to file a second amended complaint.

**I.    BACKGROUND**

In Mitchell's Original Complaint, Mitchell's factual allegations were sparse and failed to "set forth a chronological series of events" or "sufficiently allege the relevant 'who, what, where, when, and how' that form[ed] the basis of her claims." *Mitchell*, 2021 WL 5906247, at *1. While the precise nature of Mitchell's claims was unclear, her Complaint was liberally construed as asserting claims for violations of her civil rights pursuant to 42 U.S.C. § 1983 arising from the "Family Court's apparent decision to remove her children from her care sometime between October 2020 and August 2021." *Id.* at *1-2. Upon review, the Court found that Mitchell's Complaint left "the Court with too many blanks to fill and too many assumptions to make to

assess whether she ha[d] stated a claim." *Id.* at *3. Specifically, Mitchell's Complaint was held noncompliant with Federal Rule of Civil Procedure 8 as it did not:

> sufficiently describe what action (or inaction) any of these Defendants took that caused a violation of her Constitutional rights when her children were allegedly removed from her care and custody. Without specific facts regarding: (1) the nature of the conduct by Defendants with respect to removal of the children; (2) the processes or procedures that were or were not followed in advance of the removal; (3) the dates and times of any relevant court proceedings related to removal; and (4) the legal basis for the removal, including, but not limited to, any judicial findings regarding the care and custody of the children involved, Mitchell has not pled enough facts to proceed at this time.

*Id.* In light of Mitchell's *pro se* status, she was granted leave to file an amended complaint in order to provide additional factual allegations and to clarify the precise nature of her claims. *Id.* at *4.

Mitchell filed her Amended Complaint on January 14, 2022. But on that same day, Mitchell also filed a Notice of Appeal of the Court's Order dismissing her Original Complaint without prejudice. As a result of the filing of Mitchell's Notice of Appeal, the Court was divested of jurisdiction and was unable to screen Mitchell's Amended Complaint at that time in accordance with § 1915(e)(2)(B).[1] By Order dated April 22, 2022, the United States Court of Appeals for the Third Circuit dismissed Mitchell's appeal for lack of appellate jurisdiction because the Order dismissing Mitchell's Original Complaint was "not an immediately appealable final order." In dismissing Mitchell's appeal, the Third Circuit specifically noted that Mitchell did not elect to stand on her original Complaint, but rather, filed an Amended Complaint that was pending before this Court. Mitchell's appeal having now been dismissed, the Amended Complaint is subject to screening in accordance with § 1915(e)(2)(B).

---

[1] *See, e.g.*, *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985) ("As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal.").

Much like Mitchell's original Complaint, the factual allegations of the Amended Complaint are exceptionally sparse, and in fact, contain even fewer details regarding the events which give rise to Mitchell's claims.[2] Mitchell appears to name the same four Defendants she named in her original Complaint: (1) the Honorable Cateria R. McCabe, a judge in the Family Division of the Court of Common Pleas of Philadelphia County; (2) Kelly Eileen Conway; (3) Joshua Hage; and (4) Stephania Brown.[3] But once again, Mitchell does not provide job titles for Conway, Hage or Brown, or any context to explain her relationship to any of the individuals she means to sue. Mitchell only alleges that in October of 2021, the "Family Court Judge"—presumably Judge McCabe, "den[ied] me a[n] attorney[*sic*] and proceeded after I said please appoint me legal rep[resentation]" and that the "Judge . . . contin[ued] going on with [the] hearing[.]" Mitchell also alleges that prior to this hearing in October of 2021, Defendant Kelly Conway violated Mitchell's privacy, and that Mitchell "could not take the t[o]rment & verbal abuse and [she] passed out & had a stroke."[4] The Amended Complaint does not contain any allegations which explain how either Defendant Hage or Defendant Brown were involved.

---

[2] Generally, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* The Court's obligation to liberally construe *pro se* pleadings, this obligation "does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n. 3 (3d Cir. 2019). For this reason, "as a practical matter, the filing of amended and supplemental complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff." *Smith v. Price*, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012). As Mitchell is proceeding *pro se*, she may not have appreciated that, by filing an amended complaint she was effectively abandoning the factual allegations and claims raised in her original Complaint.

[3] In the Amended Complaint, Mitchell identifies Judge McCabe as "Mcara McCabe", identifies Joshua Hage as "Joshuge Hedge", and identifies Stephania Brown as "Stephen Brown" and "Stephian Brown." For the sake of consistency, the Court utilizes the spelling of the names of these Defendants as set forth in the original Complaint.

[4] Mitchell alleged in her original Complaint that she was hospitalized on June 16, 2021 due to stroke-like symptoms but did not include that allegation in the Amended Complaint.

## II.  STANDARD OF REVIEW

Because Mitchell is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) her Amended Complaint be dismissed if, among other things, it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to the plain statement required by Federal Rule of Civil Procedure 8, and motions to dismiss for failure to plead such a statement under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).

"At this early stage of the litigation, [courts will] accept the facts alleged in [the] *pro se* complaint as true, draw all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether that complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (internal citation, quotation marks and alterations omitted).  Under this standard, conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The question which guides the analysis regarding the sufficiency of a pleading is "whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (internal citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 94.

As Mitchell is proceeding *pro se*, her allegations shall be construed liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). This standard requires the reviewing court to "apply the relevant legal principle even when the complaint has failed to name it." *Id.* That said, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (internal citation and quotation marks omitted). An unrepresented litigant "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.* (internal citation and quotation marks omitted).

Reconciling the Federal Rules' pleading requirement and the leniency with which a *pro se* litigants are treated thus requires a determination as to whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Garrett*, 938 F.3d at 94. "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy" the pleading requirements. *Id.* at 93. Dismissal is thus appropriate "for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III. DISCUSSION

Much like her original Complaint, the nature of the legal claims Mitchell seeks to bring is unclear. Construing the Amended Complaint liberally, it appears that Mitchell again seeks to bring claims for violations of her civil rights pursuant to 42 U.S.C. § 1983, the statutory vehicle by which federal constitutional claims may be raised in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the

United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In this case, despite having a second chance to tell her story, Mitchell's Amended Complaint fares no better than her original. To the extent Mitchell seeks to bring § 1983 claims, her Amended Complaint—even more so than her original Complaint— lacks sufficient factual allegations to state a plausible claim for relief. While the Court must liberally construe her Amended Complaint, the Court cannot speculate as to the relevant factual allegations in order to allow her claims to proceed. Mitchell again fails to sufficiently describe what action (or inaction) any of these Defendants took that caused a violation of her constitutional rights when her children were allegedly removed from her care and custody. Without more specific facts regarding: (1) the nature of the conduct by Defendants with respect to removal of the children; (2) the processes or procedures that were or were not followed in advance of the removal; (3) the dates and times of any relevant court proceedings related to removal; and, (4) the legal basis for the removal, including, but not limited to, any judicial findings regarding the care and custody of the children involved, Mitchell has still not pled enough to proceed with her case. In sum, Mitchell has again failed to explain what happened to her and describe the legal claims she seeks to bring as a result.

In general, where a plaintiff has already been given an opportunity to cure the defects in her claims and has been unable to do so, the Court may properly conclude that further amendment would be futile and dismiss the claims with prejudice. *See, e.g.*, *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant was futile when litigant "already had two chances to tell his story"). In this instance, the Court concludes that Mitchell's *pro se* status warrants one final opportunity to amend so that she

can "flesh out" her allegations and explain "the 'who, what, where, when and why' of [her] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Accordingly, Mitchell will be permitted to file a second amended complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mitchell's Amended Complaint without prejudice. Mitchell will be given leave to file a second amended complaint in the event she can state a claim. An appropriate Order follows.

BY THE COURT:

/s/Wendy Beetlestone, J.

**WENDY BEETLESTONE, J.**